POLSTEIN v. KNIGHT.

Ohio Appeals, 9th Dist., Summit Co.

No. 1408. Decided Dec. 19, 1927.

Judges Ferneding, Kunkle and Allread, sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

829. NEGLIGENCE.

Where negligence of defendant arises after plaintiff has discontinued his negligence, plaintiff may recover.

Error to Common Pleas.
Judgment affirmed.

Musser, Kimber & Huffman, Akron, for Polstein.

Mather, Nesbitt & Willkie, Akron, for Knight.

FULL TEXT.

ALLREAD, J.

This is an action for damages brought in the court below by Charles M. Knight against David Polstein. Upon the trial the jury returned a verdict in favor of plaintiff for $2,500.00 damages, and judgment was rendered thereon. The defendant below prosecutes error. The question at issue was as to whether the plaintiff below can claim damages for injuries elsewhere than at a regular street crossing upon the ground that his injury was not the fault of his own contributory negligence but was the fault of the defendant's negligence. In the city of Akron there is an ordinance which defines contributory negligence and which is more exacting than the ordinary ordinance. Plaintiff was not engaged in an attempt to obey the ordinance but was crossing at a point 135 feet from the regular crossing. At this point he was struck and injured by defendant's car.

The plaintiff below in his testimony attempts to show that he looked both ways before attempting to cross the street and saw no one approaching. He then looked a second time just before crossing the railway tracks and saw no one, but as he reached the point of collision he saw the defendant's automobile turn from behind another car and was about to run over him; that he thereupon hesitated, went back and then forward and was struck by the automobile and injured. It appears from the testimony of plaintiff below that when he was about 25 feet away he saw the defendant and that defendant made no effort to stop his car. This would leave the question of contributory negligence one for the jury to consider, and it was not a question which could be taken away from the jury.

There was also evidence tending to show that the defendant's brake was in poor condition, but this would not help the plaintiff any as it does not appear that he tried to use the brake until after or about the time the accident occurred. The law of contributory negligence is well settled and it is clear that under the law as so settled the defendant in this case was bound to stop his car immediately upon discovering the fact that the plaintiff was in danger of being struck down or run over. The law on the case is thus laid down in Drown v. Traction Company, 76 OS. 234:

"The doctrine of 'Last Chance' as formulated in Railroad Company v. Kassen, 49 OS. 230, Paragraph 1 of the syllabus, does not apply where the plaintiff has been negligent and his negligence continues, and concurrently with the negligence of the defendant, directly contributes to produce the injury; it applies only where there is negligence of the defendant company subsequent to, and not contemperaneous with, negligence by the plaintiff so that the negligence of defendant is clearly the proximate cause of the injury and that of plaintiff the remote cause."

Under this doctrine we think the trial court was right in overruling the motions for an instructed verdict and in charging the jury as it did. We find upon a consideration of the evidence that the evidence for the plaintiff is sufficient to justify the holding that his negligence was prior in time to the negligence of the defendant. The negligence of the defendant arising after plaintiff had discontinued his negligence is set forth in the petition as one of the grounds of recovery. The trial court having permitted the case to go to the jury, and the jury having returned a verdict in favor of the plaintiff, there are no grounds upon which the verdict can be intereefered with.

(Ferneding and Kunkle, JJ., concur.)